### RUBY v WOLF, et

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided May 4, 1931

I. B. Fried, Canton, and Ben G. Ruby, Cleveland, for Ruby.

Wolf & Kruchkoff, Cleveland, for Wolf.

LEVINE, PJ.

This matter is presented to us entirely upon the transcript as no bill of exceptions was filed in this court.

The power of courts to adopt the practice of entering orders, judgments and decrees **nunc pro tunc** is recognized. It is likewise settled that an order **nunc pro tunc** cannot be granted upon mere guess but must be grounded on personal recollection of the court, or from records or minutes of the testimony of witnesses having knowledge thereof.

**Helle v Public Utilities Commission, 118 Oh St, 434:**

"The power to enter nunc pro tunc orders is inherent in courts of justice. This power is necessary in order that the records of a court or other tribunal may be made to speak the truth."

This power however, should be exercised with caution because otherwise the stability of judgments would be destroyed.

The power is restricted to placing upon the record, evidence of judicial action which has been actually taken, and it can be

exercised only to supply omissions in the exercise of functions that are clerical merely.

**Jacks v Adamson, 56 Oh St, 397:**

"But a mere erroneous judgment cannot be corrected by a **nunc pro tunc** entry."

Atkinson v R. R. Co., 81 Mo 50.

When the judge acted upon his own recollection, or upon memorandum found in the records which displayed beyond question that an entry previously made has been entered by mistake of the clerk, or that the error was clerical in its character, the court can proceed in the exercise of its discretion to correct the same without previous notice being given to any of the parties affected, but where the court has to rely upon extraneous evidence in order to determine whether or not a clerical error has been made in the journal of the court, proper practice would require that the parties affected thereby should be duly notified and that no action should be taken by the court until both sides have had an opportunity to be present to present their facts and arguments and likewise take exceptions to any action of the court which they deem objectionable.

The function of **nunc pro tunc** is not to change, modify or correct erroneous judgments, but merely to have the record speak the truth.

The entry which was made in the present case on September 6, 1930, does not disclose whether the correction is in the nature of a modification of the former judgment intended to correct the court's mistaken judgment, or that it was intended merely to put upon the record the actual judgment which the court rendered on August 13, 1926, but which was mistakenly entered otherwise.

While not doubting the power of the court to exercise this power to make **nunc pro tunc** entry after the lapse of several years, we hold that the power of the court must be safeguarded so as to prevent any possible abuse of same. The entry must affirmatively show just what it is intended to correct, and whether it was a correction to make the journal speak the truth by inserting into it that which actually took place but which was mistakenly entered otherwise, or that it was intended in the nature of a modification or correction of an erroneous judgment. Likewise the record should disclose the ground upon which the court acted; whether it was upon its own recollection or upon memorandum contained in the court records or that the court depended upon extraneous oral evidence in order to determine the error, in which event due notice must be served upon the parties affected by the change in the entry. The entry as it now appears does not disclose the ground upon which the court acted nor does it show what it was intended to correct. Likewise the entry does not disclose that notice was served upon the parties affected thereby.

For the reasons given the judgment of the Municipal Court is ordered reversed and the cause remanded for further proceedings according to law.

VICKERY, J, concurs.

WEYGANDT, J, not participating.