JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Carol Kobus appeals the Rocky River Municipal Court's November 13, 2002 denial of her motion for leave to file objections to the magistrate's decision. Having reviewed the arguments of the parties and the pertinent law, we uphold the trial court and dismiss the appeal for the reasons that follow.
 I. {¶ 2} The plaintiff-appellant ("Kobus") hired the defendant-appellee in this case to install a large fence in her yard. The plaintiff was unhappy with the installation and claimed that the fence was installed defectively. Kobus sued the defendant under the name of Metropolitan Backyard Products in small claims court in Rocky River. Metropolitan Backyard Products was served at the address used by the owner of Metropolitan Backyard Products in his brochure when he solicited Kobus.
 {¶ 3} Metropolitan Backyard Products failed to appear for the trial and the trial court then issued a default judgment against Metropolitan Backyard Products in the amount of $2,000. Kobus discovered, during the execution of the judgment proceedings, that there was not a company named Metropolitan Backyard Products.
 {¶ 4} Kobus then filed a motion for nunc pro tunc entry as to the judgment issued by this court. The nunc pro tunc motion sought to amend the original $2,000 judgment to name: (i) "Metropolitan Windows and Glass Block" and (ii) "Daniel Hogan." Only Metropolitan Windows and Glass Block filed an objection to the nunc pro tunc motion. Daniel Hogan did not respond to the motion. On September 30, 2002, the nunc pro tunc was overruled in the magistrate's decision.
 {¶ 5} Kobus filed a motion for leave to file objections to the magistrate's decision. The objections were due within 14 days of the issuance of the magistrate's decision. The objections were not filed until October 22, 2002. The trial court overruled the motion for leave. Kobus then filed her appeal with this court.
 II. {¶ 6} Kobus' first assignment of error states that, "The trial court erred as a matter of law when it failed to permit the appellant to file objections a few days out of rule."
 {¶ 7} When a party's inaction reflects a "complete disregard for the judicial system," that constitutes inexcusable neglect, as opposed to excusable neglect. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525,536, quoting GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 153. Courts have found excusable neglect in the following instances: the party had neither knowledge nor notice of the pending legal action; the counsel of record was ill; and, counsel of record failed to appear for trial because he had not received notice of a new trial date. Mayor v. WCI Steel, Inc., Trumbull App. No. 2000-T-0054, 2001-Ohio-1241, citing Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,13; The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel (1994),96 Ohio App.3d 278, 281; Columbia Gas of Ohio v. Riley (1987),38 Ohio App.3d 151, paragraph two of the syllabus. However, "the demands of being a busy lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect." Vanest v. Pillsbury Co.
(1997), 124 Ohio App.3d 525, 537.
 {¶ 8} In the case sub judice, counsel contends that he was unexpectedly caught in a week-long criminal trial. If that was the case, he should have made an effort to promptly file his motion for an extension of time, notify the court, or found another attorney to help him with the work load. Even if he was busy with the trial, he still had ample opportunity to request an extension of time.
 {¶ 9} Had plaintiff's attorney timely filed his motion for an extension of time, his busy litigation schedule would likely have constituted cause shown, pursuant to Civ.R. 6(B)(1). However, Civ.R. 6(B)(1) is not applicable in this case, because counsel failed to file his motion prior to the expiration of the 14-day period for filing objections to the magistrate's decision.
 {¶ 10} Kobus filed a motion for leave to file objections to the magistrate's decision. The objections were due within 14 days of the issuance of the magistrate's decision. The objections were not filed until October 22, 2002, the motion was filed late, and therefore not in accordance with the Civil Rules. Moreover, plaintiff's attorney did not file a motion for an extension prior to the expiration of the 14 days.
 {¶ 11} The appellant's first assignment of error is not well taken and therefore denied.
 III. {¶ 12} In her second assignment of error, appellant argues that, "The trial court erred as a matter of law when it failed to nunc pro tunc amend the judgment." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 13} The function of an entry nunc pro tunc is the correction of a failure to record, or improperly record, a judgment rendered by the court. Caprita v. Caprita, (1945) 145 Ohio St. 5. It is distinguished from the correction of an error in the judgment itself or in the failure to render the judgment. Id. "It is likewise settled that an order nunc pro tunc cannot be granted upon mere guess, but must be grounded on personal recollection of the court, or upon records or minutes or the testimony of witnesses having knowledge thereof." The Broadview Savings Loan Company v. Bonded Painting Contractors, Inc., Cuyahoga App. No. 48790, 1985-Ohio-7425, citing Ruby v. Wolf (1931), 39 Ohio App. 144,146-47. The general purpose of such an entry is to record a prior but unrecorded act of the court. Id. It is a remedy where a court has acted and its action has not been properly recorded. Cupicha and StateAutomobile Mutual Insurance Co. v. Sefchick, Jr. and Reserve InsuranceCo., Cuyahoga App. No. 25484, 1961-Ohio-839.
 {¶ 14} In this case, the trial court proceedings were properly recorded. At no time during the proceedings did the trial court grant judgment against Metropolitan Windows and Glass Block or Daniel Hogan. The record having properly reflected the proceedings, the trial court was without cause to issue an order nunc pro tunc. Appellant's reliance on Civ.R. 5 is misplaced, as she never motioned to amend her pleadings. A nunc pro tunc order is utilized to reflect what the court actually decided, not what the court might or should have decided. Carl A.Nelson, Sr. v. Christine Money, Marion App. No. 9-2000-41, 2001-Ohio-2268.
 {¶ 15} None of the entities, Daniel Hogan, Metropolitan Backyard Products, or Metropolitan Windows and Glass Block, were ever properly before the court, and the trial court never had jurisdiction over the parties.
 {¶ 16} Appellant's second assignment of error is overruled. Therefore, the appeal is dismissed.
 {¶ 17} Accordingly, Kobus' first and second assignments of error are without merit and the decision of the trial court is affirmed.
JAMES J. SWEENEY, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR.