OPINION
{¶ 1} On January 17, 2000, appellant, Anthony Babeli, and appellee, Lynn Carol Babeli, were married. On January 15, 2004, appellant filed a complaint for divorce.
 {¶ 2} A hearing was held on August 8, 2004. By judgment entry filed August 20, 2004, the trial court granted the parties a divorce, dividing the parties' property. At the time of the divorce, appellant was eighty-three years old and appellee was fifty-five.
 {¶ 3} On September 2, 2004, appellee filed a motion for reconsideration regarding the property division. A hearing was held on September 7, 2004. On September 13, 2004, the trial court filed a nunc pro tunc judgment entry regarding the issues raised in appellee's motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court abused its discretion by filing a nunc pro tunc entry which went beyond correcting errors in the original judgment."
 II {¶ 6} "The assignment of debts, as amended by the nunc pro tunc entry, is not supported by the manifest weight of the evidence."
 {¶ 7} Appellee also filed a notice of appeal and assigned the following errors:
 CROSS-ASSIGNMENT OF ERROR I {¶ 8} "The trial court abused its discretion and acted contrary to law in awarding the unizan bank account as the sole property of the appellant-appellee."
 CROSS-ASSIGNMENT OF ERROR II {¶ 9} "The trial court abused its discretion and acted contrary to law in denying the appellee-appellant spousal support."
 CROSS-ASSIGNMENT OF ERROR III {¶ 10} "The trial court abused its discretion and acted contrary to law in denying the appellee-appellant her request for attorney fees."
 CROSS-ASSIGNMENT OF ERROR IV {¶ 11} "The trial court abused its discretion and acted contrary to law in the division of the assets."
 I {¶ 12} Appellant challenges the trial court's September 13, 2004 nunc pro tunc judgment entry and the debt assignments therein.
 {¶ 13} The original entry filed August 20, 2004 stated the following at finding of fact no. 10 and order no. 5, respectively:
 {¶ 14} "10. There is no marital debt except an equity loan on the home of Plaintiff and the lease for the Ford Explorer. Wife used equity loan to pay off her credit cards. Court has considered this in division of property and request for spousal support.
 {¶ 15} "5. Wife is to pay her credit cards in her name. Husband is to pay all the equity loan."
 {¶ 16} The nunc pro tunc entry changed finding of fact no. 10 and order no. 5, adding additional items as marital debt and ordered the payment of the debt as follows:
 {¶ 17} "10. There is no marital debt except medical bills, repair payments, equity loan on home and a lease for a Ford Explorer. Wife used equity loan on home of the Plaintiff to pay off her credit cards. Court has considered this in division of property and request for spousal support.
 {¶ 18} "5. Wife is to pay her credit cards in her name. Husband is to pay medical bills and car expenses (including three (3) months of the lease) in the amount of one thousand four hundred seventeen dollars and sixty-four cents ($1,417.64) within six (6) months. Unizan Bank account is sole property of Husband."
 {¶ 19} Appellant argues the use of a nunc pro tunc judgment entry was inappropriate. In State v. Coleman (1959), 110 Ohio App. 475, 478-479, our brethren from the Sixth District discussed "nunc pro tunc" entries as follows:
 {¶ 20} "Judgment may be entered nunc pro tunc upon the correction of an entry of judgment which was not the same as the decision actually made, the conclusion reached by the court, or the judgment actually rendered. In other words, a nunc pro tunc entry is an available remedy where a court has acted and its action has not been correctly recorded. 31 Ohio Jurisprudence (2d), 578, Section 98. Judgments nunc pro tunc are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered in so far as they fail to record, or improperly record, the judgment rendered by the court, as distinguished from the correction of an error in the judgment itself or in a failure to render the judgment; and a nunc pro tunc entry of a judgment is not available to alter the conclusion of the court. 31 Ohio Jurisprudence (2d), 575, Section 96. This power of the court, however, should be exercised with caution, because otherwise the stability of judgments would be destroyed. Ruby v. Wolf, 39 Ohio App. 144,177 N.E. 240."
 {¶ 21} Appellant argues the use of a nunc pro tunc entry was inappropriate because the trial court questioned counsel during the "motion to reconsider" hearing. Appellant argued in his brief at 3 that if the trial court "was attempting to record what it had actually decided, but did not properly record, it would not have needed counsel's input."
 {¶ 22} It was argued during the hearing that the trial court failed to make a determination on the unpaid medical bills (Defendant's Exhibits 20, 24 and 26) and the car repair bills (Defendant's Exhibits 21 and 22). T. at 94-95. The trial court admitted there might have been an inadvertent omission regarding the medical bills, car repair bills, lease amounts and the Unizan Bank savings account. T. at 95, 96-97.
 {¶ 23} The question is whether the nunc pro tunc judgment entry was the appropriate way to address the omissions. Under these circumstances, where the evidence was clearly included in the record during the trial, we find the trial court did not err in so using the nunc pro tunc method.
 {¶ 24} Assignment of Error I is denied.
 II {¶ 25} Appellant claims the adjustments regarding the debt as amended by the nunc pro tunc judgment entry were against the manifest weight of the evidence. We disagree.
 {¶ 26} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 27} Pursuant to the nunc pro tunc judgment entry, the trial court ordered appellant to pay the outstanding medical and car repair bills and some lease payments. The trial court also awarded appellant the Unizan Bank savings account. It is unchallenged in the record that appellant failed to fund the parties' joint checking account prior to the divorce per the temporary orders, and there remained unpaid medical bills accrued during the marriage.
 {¶ 28} We find these items were included in the trial record and were appropriately adjusted by the trial court.
 {¶ 29} Assignment of Error II is denied.
 CROSS-ASSIGNMENT OF ERROR I {¶ 30} Appellee claims the trial court's award of the Unizan Bank savings account to appellant was an abuse of discretion and contrary to law. We disagree.
 {¶ 31} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherryv. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 32} The Unizan Bank account was used as a vehicle for appellant to hold his social security benefits and pension. T. at 26, 38. Upon need, he would convert the funds from his separate property to marital property. Id. Appellant had retired in 1981 and is now eighty-three years old. T. at 17; Plaintiff's Exhibit 2. Although it is conceded the parties had a long term premarital relationship of some twenty years, appellant's social security benefits and pension accrued prior to the marriage. T. at 21. The trial court permitted appellee to keep her 401K funds, some of which were accumulated during the marriage. T. at 12-13, 16; Plaintiff's Exhibit 6.
 {¶ 33} Upon review, we find the trial court did not err in awarding the Unizan Bank savings account to appellant as the funds were made up of his premarital social security benefits and pension.
 {¶ 34} Cross-Assignment of Error I is denied.
 CROSS-ASSIGNMENT OF ERROR II {¶ 35} Appellee claims the trial court erred in not awarding her spousal support. We disagree.
 {¶ 36} Trial courts have broad discretion in determining spousal support. Holcomb, supra; Blakemore, supra.
 {¶ 37} R.C. 3105.18 governs awards of spousal support and modification and states as follows:
 {¶ 38} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 39} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 {¶ 40} "(b) The relative earning abilities of the parties;
 {¶ 41} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 42} "(d) The retirement benefits of the parties;
 {¶ 43} "(e) The duration of the marriage;
 {¶ 44} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 45} "(g) The standard of living of the parties established during the marriage;
 {¶ 46} "(h) The relative extent of education of the parties;
 {¶ 47} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 48} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 49} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 50} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 51} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 52} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 53} Although the parties had a twenty year premarital relationship, the parties were married for only four years. Neither party is employed. Appellee is fifty-six years old and appellant is eighty-three. Each party received their own pensions.
 {¶ 54} In considering R.C. 3105.18(C)(1), we find all the factors can be answered in the negative as to both parties. Appellee has an ongoing relationship with another man that began during the marriage. T. at 41.
 {¶ 55} Upon review, we find the trial court did not abuse its discretion in denying spousal support.
 {¶ 56} Cross-Assignment of Error II is denied.
 CROSS-ASSIGNMENT OF ERROR III {¶ 57} Appellee claims the trial court erred in not awarding her attorney fees. We disagree.
 {¶ 58} Trial courts have broad discretion in awarding attorney fees.Rand v. Rand (1985), 18 Ohio St.3d 356; Blakemore, supra.
 {¶ 59} Appellee did not initiate the divorce, but precipitated it by having a relationship with another man. Upon review, we find the trial court did not abuse its discretion in denying attorney fees given the limited funds of the parties.
 {¶ 60} Cross-Assignment of Error III is denied.
 CROSS-ASSIGNMENT OF ERROR IV {¶ 61} Appellee claims the trial court did not equitably distribute the marital assets. We disagree.
 {¶ 62} The trial court found the only marital assets were "some household furniture, a checking account, Ford Explorer, stocks, Wife's pension and a Certificate of Deposit." See, Judgment Entry filed August 20, 2004.
 {¶ 63} In dividing the debt, the trial court made appellant responsible for the home equity loan of $20,000 which paid off appellee's credit card debt. T. at 9; Plaintiff's Exhibit 3.
 {¶ 64} By reading the trial court's decision in total, it is clear appellee was awarded all of her 401K, some of which was accumulated during the marriage. The marital residence was not marital property and therefore was not divided. Appellant was ordered to pay three months worth of lease payments on a vehicle of which appellee retained. Eleven months remained on the lease and appellant paid for half of the lease. T. at 21, 30.
 {¶ 65} By ordering appellant responsible for appellee's credit card debt of $20,000, we find the trial court equitably divided the fee assets vis-á-vis the debt.
 {¶ 66} Cross-Assignment of Error IV is denied.
 {¶ 67} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.