JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Collins, challenges the trial court's vacating its nunc pro tunc entry amending an order that appellee, Denise Collins, repay an overpayment of child support.
 {¶ 2} The parties in this case, appellant, Michael Collins, and appellee, Denise Collins, n.k.a. Pulice, were divorced in 1992. As a result of errors by CSEA and a change of custody of the minor children from Denise to Michael, Denise had received overpayments in child support from Michael. In 2002, Michael filed a motion with the trial court, properly served on Denise in compliance with Civ.R. 75(J), for reimbursement of the overpayment, and the trial court granted his motion. Denise was ordered to pay a fixed sum each month to compensate Michael for the overpayment. Denise was represented by counsel at the hearing on this motion.
 {¶ 3} In the motion for reimbursement, Michael listed Denise as "Denise Collins" rather than by her new name of "Denise Pulice." Nearly five months after the court had entered judgment, Michael filed a motion requesting the court for a nunc pro tunc order changing the caption of the order to reflect Denise's new surname of Pulice. Michael requested service of this motion by certified mail from the Clerk of Courts, in compliance with Civ.R. 75(J), but the certified mail was returned as "not deliverable as addressed — unable to forward." The docket does not reflect any subsequent attempt to serve Denise by ordinary mail. Denise, therefore, never received service of the motion to amend nunc pro tunc. It was not until Michael enforced the judgment against Denise by foreclosing on her home, which was held in the names of "Denise Pulice" and her new husband, that Denise realized her name in the order had been changed.
 {¶ 4} In her motion for relief from judgment, Denise pointed out to the trial court, first, that she was never served with Michael's motion, and, second, that the trial court had misapplied Civ.R. 60(A). The Civil Rule, Denise argued, is limited to correcting a clerical error. Granting Denise's motion, the court entered a judgment vacating its nunc pro tunc entry. The court held:
Upon review of [Denise's] motion for relief from judgment, the Court finds that the order of August 21, 2002 * * * should be vacated. It appears that [Denise] was never served through the Clerk of Courts with this motion. As such the order is void abinitio for failure of service.
The Court additionally notes that a 60(A) motion is limited to correcting a clerical error. The nunc pro tunc in question appears to be attempting to correct a substantive pleading error in that [Denise's] current name was never set forth on any of the earlier pleadings.
Judgment Entry of June 21, 2005.
 {¶ 5} Michael filed a motion for reconsideration of the court's ruling vacating its nunc pro tunc order. The court denied that motion, which order Michael now appeals, stating one assignment of error:
I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 6} The trial court stated two reasons for vacating the nunc pro tunc order: failure of service on plaintiff and misapplication of Civ.R. 60(A).
Failure of Service
 {¶ 7} First, the court noted that Denise "was never served through the Clerk of Courts with this motion. As such the order is void ab initio for failure of service." Judgment entry of June 21, 2005.
 {¶ 8} Domestic relations cases have different service requirements than general civil cases. In general cases, Civ.R. 5(A) states:
Except as otherwise provided in these rules, * * * every pleading subsequent to the original complaint * * * every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6.
(B) Service: how made. — Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shallbe made upon the attorney unless service upon the party is ordered by the court. (Emphasis added.)
 {¶ 9} Civ.R. 4.l-4.6 require service on the party herself, either by certified mail sent by the Clerk of Courts or ordinary mail sent by the Clerk of Courts if certified mail has failed. For domestic relations cases, the Civil Rules "otherwise provide": Civ.R. 75(J) compels different service requirements to invoke the continuing jurisdiction of the court following entry of the final decree. It states:
The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall beserved in the manner provided for the service of process underCiv. R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply. (Emphasis added.)
 {¶ 10} The reason for this requirement is practical. In a domestic relations case the trial court retains jurisdiction over certain issues, including child support and visitation, even though disputes in these areas may not arise for months or years after the initial divorce decree is entered. Once the decree is final, it is unlikely that the parties would stay in contact with their attorneys.
 {¶ 11} In other words, regular civil cases are "transactional" in nature: that is, once the matter has been decided, apart from any appeal, the case is "dead." Domestic relations cases, on the other hand, are "relational" in nature: even after the original case is ended by the divorce decree, the relationships between parents are not ended just because the marriage is ended. They still must interact in matters concerning their mutual children, and the case law demonstrates that these disputes are common. Resolving these disputes between the parties requires the trial court to retain jurisdiction over the parties and those restricted issues.
 {¶ 12} Because years can pass between the final decree and changed circumstances motivating a motion for a change in custody or support, therefore, practicality and due process require that the motion be served upon the original party, in the same manner as a newly filed case. Service other than according to Civ.R. 4 through 4.6, therefore, is not sufficient guarantee of notice to fulfill due process requirements.
 {¶ 13} As the Third Appellate District noted in a similar case:
It is clear from the language of the rule that in order to invoke the continuing jurisdiction of the court, service must be made as provided by Civ.R. 4 through 4.6. Under Civ. R. 4, the defendant must be served. In the present case, plaintiff did not serve the defendant, but served notice of his motion on the defendant's attorney. Further, the defendant timely objected to the lack of personal jurisdiction. Thus, the lower court had no continuing jurisdiction which was properly invoked.
Hansen v. Hansen (1985), 21 Ohio App.3d 216, 218. Similarly, in the case at bar, Denise objected to the failure of service as soon as she became aware of the motion, several years later.
 {¶ 14} "Where a party fails to meet the requirements of service of process under Civ.R. 75(J) for a motion attempting to invoke the continuing jurisdiction of the trial court, the court is without personal jurisdiction to consider the motion." Fullerv. Fuller (June 14, 2000), Lawrence App. No. 99CA04, 2000 Ohio App. LEXIS 2736 *12. Michael's motion to modify support had been granted by the court. The ruling on the issue he raised in his motion to modify was final. Any future action in the case, therefore, required service in compliance with Civ.R. 75(J). Michael was aware of this requirement, because he requested certified mail service on "Denise Collins" from the Clerk of Courts, as mandated by Civ.R. 75(J) for invoking the continuing jurisdiction of the court.
 {¶ 15} In the case at bar, it is undisputed that Denise did not receive a copy of the motion for nunc pro tunc order to change the caption. The return of certified mail as undeliverable is in the file, and the docket does not reflect, nor does Michael claim, that he requested subsequent service by ordinary mail. Further, due process issues exist: because the original judgment against her was only in the name "Collins," and her deed to her home is in the name "Pulice," Denise did not receive notice that her home was subject to the judgment. Also, Denise's new husband, Mr. Pulice, has a dower interest in the home and had a right to notice of any judgment that could affect his property interest.
 {¶ 16} Because Michael failed under Civ.R. 75(J) to perfect service of his motion on Denise, the trial court did not err when it vacated the nunc pro tunc entry changing her name in the caption.
 {¶ 17} The second reason the trial court gave for vacating the nunc pro tunc entry was "[t]he nunc pro tunc in question appears to be attempting to correct a substantive pleading error in that [Denise's] current name was never set forth on any of the earlier pleadings." The court ruled, therefore, Civ.R. 60(A) was not the proper means to change a party's name after a final judgment against that person.
 {¶ 18} "It is axiomatic that a court has the power to correct a clerical error pursuant to Civ. R. 60(A). However, this rule is applied to inadvertent clerical errors only, * * * and cannot be used to change something which was deliberately done * * *."Dentsply International, Inc. v. Kostas (1985),26 Ohio App.3d 116, 118, internal citations and footnotes omitted. Michael has failed to show that his omission of Denise's new last name was not deliberate. He does not claim that her remarriage three years prior to his initial motion to modify was unknown to him. Rather, his motion states that "the judgment debtor, Plaintiff Denise D. Collins, has re-married and is now known as Denise D. Pulice." Motion to Amend Judgment Entry Nunc Pro Tunc at 1. Michael then attaches an affidavit in which he testifies that Denise "was married to Jeffrey Pulice in Las Vegas on August 22, 1998 and is now known as Denise D. Pulice." Affidavit ¶ 3. The use of the name "Collins" in the caption of the motion to modify support was not an error by the court, and it cannot be said to have been inadvertent or a mistake on Daniel's part.
Civ.R. 60(A)
 {¶ 19} Michael argues that the name change was appropriate as a correction pursuant to Civ.R. 60(A), which states:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 {¶ 20} To be appropriate for correction under Civ.R. 60(A), the mistake must not affect the substance of the judgment entry being corrected. "As used in Civ.R. 60(A) a `clerical mistake' is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision of judgment by an attorney." McGowan v. Giles,
2000 Ohio App. LEXIS 1006 at *10-11. Civ.R. 60(B) cannot change a substantive portion of the judgment. "Civ.R. 60(A) relief may only be granted to change mistakes that are mechanical, rather than substantive, in nature. It is the type of mistake, not its ultimate affect [sic] on the parties, which determines whether that relief should be granted." Bobb Forest Products, Inc. v.Morbark Industries, Inc. (2002), 151 Ohio App.3d 63, ¶ 18.
 {¶ 21} In the case at bar, the change of name on the judgment entry finding Denise obliged to Michael for the overpayment did not change the nature or effect of the court's order. It would not have violated Civ.R. 60(A) for that reason. As this court has ruled, "a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action." State v. Greulich (March 16, 2000), Cuyahoga App. No. 76332, 61 Ohio App. 3d 22, 25. The court's original ruling, finding that Denise was liable to Michael for the overpayment of support, was the court's true action.
 {¶ 22} The analysis does not, however, end there. As part of his reason for vacating the nunc pro tunc order, the judge stated: "[t]he nunc pro tunc in question appears to attempt to correct a substantive pleading error in that [Denise's] current name was never set forth on any of the earlier pleadings." Judgment entry of June 21, 2005. What information the court worked from is pertinent to the issue of whether a Civ.R. 60(A) order is appropriate:
When the judge acted upon his own recollection, or upon memorandum found in the records which displayed beyond question that an entry previously made had been entered by mistake of the clerk, or that the error was clerical in its character, the court can proceed in the exercise of its discretion to correct the same without previous notice being given to any of the parties affected, but, where the court has to rely upon extraneous evidence in order to determine whether or not a clerical error has been made in the journal of the court, proper practice would require that the parties affected thereby should be duly notified, and that no action should be taken by the court until both sides have had an opportunity to be present to present their facts and arguments, and likewise to take exceptions to any action of the court which they deem objectionable.
Ruby v. Wolf (1931), 39 Ohio App. 144, 146-147. In the case at bar, the magistrate's decision referred to Denise as "Collins." The show cause motion named her as "Collins." Denise did not receive notice of the motion for nunc pro tunc entry; thus the court relied on Michael's affidavit testifying to Denise's name change, that is, information outside the record.
 {¶ 23} Defendant cites to the Seventh Appellate District's opinion in Bobb Forest Products, Inc. v. Morbark Industries,Inc (2002), 151 Ohio App.3d 63, ¶ 18 to support his claim that the Civ.R. 60(A) name change was correct. In that case, the court affirmed a Civ.R. 60(A) change in the name of a defendant against whom judgment had been rendered.
 {¶ 24} Morbark differs from the case at bar, however, because in Morbark the plaintiff had corrected his complaint to state the correct name of the defendant. In the case at bar, Michael served Denise under the name of "Collins." Nothing in the record reflects any correction to reflect her new name until the 2005 nunc pro tunc motion, which postdates the judgment entry against Denise by at least two years.
 {¶ 25} Further, any nunc pro tunc entry a court makes to change its entry "must be grounded on personal recollection of the court, or upon records or minutes or the testimony of witnesses having knowledge thereof." Ruby v. Wolf (1931),39 Ohio App. 144, 146. Nothing in the record indicates that the trial court had official knowledge of Denise's name change.
 {¶ 26} When it vacated the nunc pro tunc order, therefore, the trial court correctly ruled that Denise had not been properly served and that Denise's "current name was never set forth on any of the earlier pleadings." Accordingly, this assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., Concurs in Judgment Only;
 Corrigan, J., Dissents (with separate opinion)
 DISSENTING OPINION