[Cite as *State v. Nashe*, 2012-Ohio-4122.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J, |
| -vs- | : | |
| | : | |
| EDWARD D. NASHE | : | Case No. 11-CA-64 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                               Pleas, Case No. 2011CR341

JUDGMENT:                      Affirmed/Reversed in Part

DATE OF JUDGMENT:              September 4, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOCELYN S. KELLY                      MARK P. ORT
239 West Main Street                  13297 Rustic Drive, NW
Suite 101                             Pickerington, OH  43147
Lancaster, OH  43130

*Farmer, J.*

{¶1} On August 5, 2011, the Fairfield County Grand Jury indicted appellant, Edward Nashe, on one count of trafficking in cocaine in violation of R.C. 2925.03 and one count of possessing crack cocaine in violation of R.C. 2925.11.

{¶2} A jury trial commenced on October 25, 2011. The jury found appellant guilty as charged. After the verdicts were read, the trial court sentenced appellant to twelve months on the trafficking count and seventeen months on the possession count, to be served consecutively. The judgment entry reflecting this sentence was filed on November 15, 2011.

{¶3} On October 31, 2011, appellant filed a motion for postconviction relief, claiming the two counts should have been merged for sentencing. A hearing was held on November 4, 2011. By nunc pro tunc judgment entry filed December 6, 2011, the trial court merged the trafficking count with the possession count and sentenced appellant to seventeen months on the possession count. The trial court also sentenced appellant to a consecutive term of twelve months for a violation of postrelease control.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE EVIDENCE WAS SUCH THAT REASONABLE MINDS COULD NOT CONCLUDED (SIC) THAT EITHER CHARGED OFFENSE HAD BEEN PROVEN BEYOND A REASONABLE DOUBT THUS THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶6} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INITIALLY SENTENCED THE APPELLANT FOR THE ALLIED OFFENSES OF TRAFFICKING IN COCAINE AND FOR POSSESSION OF THE SAME COCAINE IN VIOLATION OF THE HOLDING IN STATE V. CABRALES."

III

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES THAT CLOSELY APPROXIMATED THE MAXIMUM ALLOWABLE SENTENCE FOR EACH OFFENSE."

IV

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN, UPON GRANTING THE DEFENDANT'S MOTION FOR POST CONVICTION RELIEF AND CORRECTING THE PLAIN ERROR COMMITTED, THE COURT REPLACED THE INTENDED IMPROPER SENTENCE FOR THE MERGED OFFENSE WITH A SANCTION FOR COMMITTING A NEW OFFENSE WHILE ON POST RELEASE CONTROL."

I

{¶9} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.

{¶10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶11} Appellant was convicted of trafficking in cocaine in violation of R.C. 2925.03 and possession of crack cocaine in violation of R.C. 2925.11 which state the following, respectively:

{¶12} "(A) No person shall knowingly do any of the following:

{¶13} "(1) Sell or offer to sell a controlled substance;

{¶14} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

{¶15} "(A) No person shall knowingly obtain, possess, or use a controlled substance."

{¶16} Appellant argues that none of the evidence presented tied him to drug possession or trafficking in the residence of Eugene Harman.

{¶17} It is undisputed that Brian Ball was arrested and found to be in possession of crack cocaine. Mr. Ball testified he ordered the cocaine from Mr. Harman, went to Mr. Harman's residence, met Mr. Harman at the door, and exchanged money for the cocaine. T. at 284-285.

{¶18} Mr. Harman testified on prior occasions, he drove with appellant to pick up cocaine and appellant supplied him with crack cocaine. T. at 155; 158-159. Mr.

Harman would take orders for crack cocaine and appellant would weigh it and hand it to Mr. Harman for delivery. T. at 160-161. On the evening in question, appellant brought crack cocaine to Mr. Harman's residence and Mr. Harman gave the crack cocaine to those who had placed orders. T. at 164, 166.

{¶19} Joann Crist testified on prior occasions, she purchased crack cocaine from appellant and she would assist him in selling it. T. at 237-239. On the evening in question, appellant removed crack cocaine from his boxer pants area, weighed it, placed it in a baggie, and handed it over to Ms. Crist to deliver. T. at 239-240, 241-242.

{¶20} Mr. Ball testified he gave appellant rides in exchange for crack cocaine. T. at 280. On the day in question, Mr. Ball drove appellant to Columbus and appellant paid him in crack cocaine. T. at 282. Mr. Ball dropped appellant off at Mr. Harman's residence. T. at 283-284.

{¶21} When the police entered Mr. Harman's residence, they observed appellant in a doorway in a back room, his arms were moving, and he did not show police his left hand. T. at 74-75, 343. Nobody else was in the room. T. at 76. During a search of the back room, a bag of crack cocaine was immediately to the right of the doorway where appellant had been. T. at 84. An officer outside the residence looking through the window of the back room observed a bag of cocaine hit the floor. T. at 342-343. The officer saw "the arm of a black person there in that doorway." T. at 343. Appellant was the only black individual in the apartment at the time of the raid.

{¶22} Both Mr. Harman and Ms. Crist identified appellant as the supplier of the crack cocaine who would give them some in exchange for assisting him in selling the drugs. Although several drug buys were witnessed by the police at Mr. Harman's

residence on the evening in question, after the arrests, appellant was the only one with money in his pockets ($471.00). T. at 350, 356.

{¶23} Mr. Ball, Mr. Harman, and Ms. Crist specifically identified appellant as possessing crack cocaine and Mr. Harman and Ms. Crist identified appellant as the crack cocaine supplier and dealer. The testimony was substantiated by the circumstantial evidence of appellant's location and proximity to the crack cocaine baggie discovered in the back room, his actions at the time of the raid, and the fact that he was the only individual with money in his pockets.

{¶24} Upon review, given the direct evidence and the corroborative circumstantial evidence, we find no manifest miscarriage of justice.

{¶25} Assignment of Error I is denied.

II

{¶26} Appellant claims the trial court erred in originally failing to merge the two convictions for sentencing.

{¶27} In its original sentence, the trial court sentenced appellant to twelve months on the trafficking count and seventeen months on the possession count, to be served consecutively. The trial court corrected the allied offenses issue via a nunc pro tunc judgment entry filed December 6, 2011, wherein the trial court merged the trafficking count with the possession count and sentenced appellant to seventeen months on the possession count.

{¶28} "The purpose of a nunc pro tunc entry 'is restricted to placing upon the record evidence of judicial action which has been actually taken' and 'it can be exercised only to supply omissions in the exercise of functions that are clerical merely.'

*Jacks v. Adamson* (1897), 56 Ohio St. 397, 402; 'The function of nunc pro tunc *is not to change, modify, or correct* erroneous judgments, but merely to have the record speak the truth.['] *Ruby v. Wolf* (1931), 39 Ohio App. 144 (Emphasis added.); *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116. See, also, *Pepera v. Pepera* (March 26, 1987), Cuyahoga App. Nos. 51989, 52024, unreported (A court may not by way of a nunc pro tunc entry, enter of record that which it intended or might have made but which in fact was not made.) *McGowan v. Giles* (March 16, 2000), Cuyahoga App. No. 76332.

{¶29} The nunc pro tunc judgment entry in this case made a correction as to a matter of law and therefore was a substantive change. Appellant did not challenge the vehicle by which the trial court corrected its sentence, but merely argued the trial court erred in not originally merging the two offenses for sentencing. In its nunc pro tunc judgment entry filed December 6, 2012, the trial court merged the offenses and sentenced appellant on only one. We find the arguments relating back to the original sentence are moot.

{¶30} Assignment of Error II is denied.

III

{¶31} Appellant claims the trial court erred in sentencing him to the almost maximum allowable sentence. We disagree.

{¶32} Appellant was sentenced to seventeen months on a felony four offense. Pursuant to R.C. 2919.14(A)(4), felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."

{¶33} The sentence imposed is clearly within the statutory guidelines. The record demonstrates that appellant has had a continuous history of criminal involvement. T. at 520-523.

{¶34} Upon review, we find no abuse of discretion in sentencing appellant to seventeen months on the felony four offense.

{¶35} Assignment of Error III is denied.

IV

{¶36} Appellant claims the trial court erred in sentencing him to a term for violating postrelease control.

{¶37} In its original sentence, the trial court did not impose a prison term for violating postrelease control. In its nunc pro tunc judgment entry filed December 6, 2011, the trial court imposed a twelve month term for violating postrelease control:

{¶38} "On the date first mentioned, the Court sentenced the Defendant as to Count Two to be confined in the Correctional Reception Center, Orient, Ohio, for a period of 17 months. The Court further ordered the Defendant to pay the Court costs and the costs of prosecution. The Court further found that the time that these offenses were committed, the Defendant was on Post-Release control. The Court elected due to the Defendant's criminal history to impose a 12 month sentence upon the Defendant for violating PRC. Said sentence is to be served consecutive to the 17 month sentence as to Count Two for a total prison sentence of 29 months."

{¶39} Appellant argues the trial court erred in imposing the twelve month term as it was not imposed in the original sentence and the additional sentence is an indication of vindictiveness. Appellant argues upon realizing the allied offenses error in the

original sentence, the trial court sought to impose the same aggregate term with the addition of twelve months for the postrelease control violation.

{¶40} At the original sentencing hearing, the trial court spoke directly to the postrelease control violation issue as follows:

{¶41} "MR. ORT: Were you on parole?

{¶42} "THE DEFENDANT: Yes.

{¶43} "THE COURT: There's a penalty that can be imposed for being on post-release control.

{¶44} "MR. ORT: But would that be by the Court that initially sentenced him?

{¶45} "THE COURT: No.  It would be by the Judge who imposes - - me, who imposes the sentence in this case.  The Court is not imposing a penalty.  But the Parole Board could take action against you, Mr. Nashe.  And you'll just have to deal with the Parole Board on whether or not they return you to prison to serve any portion of your previously imposed sentences."  T. at 535-536.

{¶46} By amending its decision in the December 6, 2012 judgment entry, the trial court demonstrated the original sentence of seventeen months was what it considered to be appropriate.  We find it was error on resentencing to sentence appellant for an additional twelve month term for violating postrelease control given the fact that the trial court originally declined to impose a term and specifically stated so on the record.  The twelve month sentence for violating postrelease control is hereby stricken.

{¶47} Assignment of Error IV is granted.

{¶48} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.


s / Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s / John W. Wise_____

JUDGES


SGF/sg 814

[Cite as *State v. Nashe*, 2012-Ohio-4122.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EDWARD D. NASHE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-64 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed in part and reversed in part. The twelve month sentence for violating postrelease control is hereby stricken. Costs to appellant.

s / Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s / John W. Wise_____

JUDGES