[Cite as *State v. Isa*, 2017-Ohio-8335.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 2017-CA-5 and |
| | : | 2017-CA-20 |
| v. | : | |
| | : | Trial Court Case No. 2007-CR-207 |
| ABRAHAM ISA | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of October, 2017.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

ABRAHAM ISA, Inmate No. 566-878, Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699
     Defendant-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Abraham Isa appeals from a judgment of the Champaign County Court of Common Pleas which denied his motion to vacate a void judgment as well as his motion to correct a clerical error. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} In 2007, Isa was convicted of thirteen counts of gross sexual imposition and two counts of rape involving five young women, two of whom were minors. The trial court sentenced Isa to an aggregate prison term of 24 1/2 years. His conviction was affirmed on direct appeal. *State v. Isa*, 2d Dist. Champaign No. 07–CA–37, 2008–Ohio–5906 (*Isa I* ).

{¶ 3} In 2009, Isa filed two motions for re-sentencing. The first motion asserted that his sentence was void due to a post-release control defect with the second motion asserting his sentence was improperly computed. We affirmed the trial court's denial of these motions. *State v. Isa*, 2d Dist. Champaign Nos. 10–CA–1, 10–CA–2, 2010–Ohio–3770 *(Isa II* ). With respect to the issue of post-release control, raised in Case No. 10–CA–1, we stated: "Based upon the record, we find no merit to Isa's contention that his sentence is void due either to a failure to provide for post-release control or a failure to advise him of post-release control." *Id.* at ¶ 16.

{¶ 4} Isa later filed a "Motion to Vacate Sentence [as] Contrary to Law," in which he asserted ineffective assistance of defense counsel, in part for allegedly advising him to reject a favorable plea bargain. The trial court treated the motion as a petition for post-

conviction relief, and we affirmed the trial court's denial of that motion.   *State v. Isa*, 2d Dist. Champaign No. 2012–CA–44, 2013–Ohio–3382 (*Isa III* ).   Isa subsequently filed a motion for leave to file a delayed motion for a new trial and a motion for a new trial.   We affirmed the trial court's denial of this motion, as well.   *State v. Isa*, 2d Dist. Champaign No. 2013–CA–20, 2014–Ohio–139 (*Isa IV* ).

{¶ 5} Isa filed three additional motions in late 2013, seeking resentencing, to contest his classification under the Adam Walsh Act, a new trial, a change of venue, and for disqualification of the elected trial judge.   In February 2014, a visiting judge denied each of these motions/petitions.   Isa did not appeal these rulings.

{¶ 6} On August 13, 2014, Isa filed a "Motion for Re–Sentencing Based on Void Judgment."   Isa claimed that the trial court failed to notify him about the possibility of community service in lieu of court costs, and that the trial court failed to impose post-release control as to counts 1 through 13 and counts 16 and 17.   Isa states that the trial court did not properly incorporate post-release control and other notifications into its judgment entry.

{¶ 7} On August 26, 2014, the trial court (visiting judge) overruled his motion for resentencing.   The court reasoned that the court of appeals had addressed and rejected Isa's argument regarding the imposition of post-release control in *Isa II*, and that the law of the case doctrine barred re-litigation of that issue.   With respect to cost costs, the trial court noted that a court "errs if it fails to inform the defendant that he can be ordered to perform community service if he fails to pay court costs."   However, the trial court found that Isa's motion with respect to the imposition of court costs was barred by res judicata. We affirmed.   *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876 (*Isa*

*V*).

**{¶ 8}** In August 2015, Isa filed a motion for new trial pursuant to Crim.R. 33 in which he claimed that he had recently discovered new evidence demonstrating that his sons had committed the offenses and then manipulated the victims so that they accused Isa. He also filed a motion to correct a void judgment claiming that the trial court violated the prohibition against sentence packaging as set forth in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. The trial court denied both motions. Isa filed separate appeals. The denial of the motion for new trial was affirmed in *State v. Isa*, 2d Dist. Champaign No. 2015-CA-35, 2016-Ohio-4979 (*Isa VI*), while the denial of the motion to correct a void judgment was affirmed in *State v. Isa*, 2d Dist. Champaign No. 2015-CA-44, 2016-Ohio-4980 (*Isa VII*).

**{¶ 9}** On December 29, 2016, turning to the instant appeal, Isa filed a motion to vacate a void judgment in which he argues that because the trial court, during the sentencing hearing, did not impose a prison term for his convictions on Counts 9, 11 and 12, the subsequent imposition in the termination entry of 18 months imprisonment on each of these counts resulted in a void sentence that must be vacated. He also argues that the discrepancy between the sentencing hearing and the termination entry effectively constitutes a sentence modification that was made outside his presence in violation of Crim.R. 43(A). The trial court denied the motion by entry filed February 21, 2017. The trial court found that Isa's motion was barred by the doctrine of res judicata. The trial court further found that the record evinced a clear intent by the trial court to impose the 18 month prison terms during the sentencing hearing. Isa timely filed an appeal.

**{¶ 10}** On March 8, 2017, Isa filed a motion to correct clerical error in which he

claimed that the termination entry should be amended by a nunc pro tunc order vacating the imposition of the 18 month sentences for the three relevant counts. The trial court denied this motion, by entry dated June 5, 2017, finding that the motion was premature as the appeal pending on the denial of the motion to vacate would be determinative of the issue. The trial court alternatively found that the motion was erroneously premised upon the belief that the trial court did not properly impose a prison term for counts 9, 11 and 12. Isa filed a timely appeal.

{¶ 11} Thereafter, the two appeals were consolidated by a Decision and Entry filed July 31, 2017.

## II. Sentence Not Void

{¶ 12} Isa's first and second assignments of error state:

DID THE TRIAL COURT ERRED [SIC] IN DENYING APPELLANT'S "MOTION TO VACATE VOID JUDGMENT"?

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CRIM.R. 43 WHEN IT IMPOSED PRISON SENTENCES OUTSIDE OF HIS PRESENCE.

{¶ 13} Isa contends that the trial court erred by denying his motion to vacate the judgment relating to Counts 9, 11 and 12. In support, he argues that the trial court erred because the imposition of prison terms for those counts in the termination entry constitutes an improper modification of the sentence imposed at the sentencing hearing. He further argues that the sentence set forth in the termination entry was imposed outside

his presence in violation of Crim.R. 43(A).

{¶ 14} The sentencing hearing was conducted on December 3, 2007. The transcript of that hearing states, in pertinent part, as follows:

THE COURT: Thank you.

Counts One through Four [victim 1] are each gross sexual imposition. Sentence of 18 months and $200 fine on each is imposed.

Counts Five through Eight [victim 2] are concurrent with each other. Count Five is rape. Ten-year sentence mandatory and $200 fine. Count Six, Seven and Eight, 18 months sentence, $200 fine.

Counts Nine through Twelve [victim 3] are concurrent with each other. Counts Nine, Eleven and Twelve are gross sexual imposition. Fine of $200 each count. Count Ten, charge of rape, is ten year sentence, $200 fine.

Count Thirteen [victim 4], gross sexual imposition, 18 month confinement, $200 fine.

Count Sixteen and Seventeen [victim 5] each an 18 month confinement, $200 fine.

If I didn't say it, Counts Nine through Twelve are concurrent with each other.

Counts Sixteen and Seventeen are concurrent with each other.

These are five groupings of sentences, and each of the five groups is consecutive to each of the other five groups. All of the fines are concurrent making a total fine of $200.

The confinement that results is 24 and a half years.

{¶ 15} In the termination entry filed thereafter, the trial court imposed prison terms of 18 months each for Counts 9, 11, and 12.   All three counts were also assessed a $200 fine.   They were ordered to run concurrently with each other and with Count 10 for which a ten-year sentence and $200 fine was imposed.

{¶ 16} The issue raised by Isa was one that was apparent on the record and could have been raised upon direct appeal.   Thus, unless the sentence is void, this claim is barred by the doctrine of res judicata.   Under this doctrine, a final judgment of conviction prevents a defendant from raising, other than on direct appeal, any claim that was, or could have been, raised on direct appeal.   *State v. Howard*, 2d Dist. Clark No. 2008-CA-87, 2009-Ohio-3432.

{¶ 17} "A void judgment is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, citing *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). "Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously."   *Id.*, citing *State v. Filaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).   In cases where a trial court erroneously exercises its rightful jurisdiction, the sentence will not be deemed void, and "the sentence can be set aside only if successfully challenged on direct appeal."   *Id.* at ¶ 28.

{¶ 18} Generally, "sentencing errors are not jurisdictional and do not necessarily render a judgment void[.]"   *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 13 (citations omitted), *superseded by statute on other grounds* as stated in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.   However, the

exception to this rule is a "sentence that does not contain a statutorily mandated term." *Id.* at ¶ 13-14. "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). Thus, the failure to adhere to statutory requirements when imposing a sentence renders the attempted sentence void. *Id.*

{¶ 19} In this case, the trial court, as to Counts 9, 11, and 12, had jurisdiction to impose the 18 month sentence on each count set forth in the termination entry because an 18 month prison term is provided for by statute. The sentences, as set forth in the termination entry, complied with all the statutorily mandated terms. *See*, R.C. 2907.05(A)(1) and 2929.14(A)(4). However, the trial court acted irregularly and/or erroneously because it failed to state the prison term for Counts 9, 11 and 12 during the sentencing hearing but thereafter included the prison terms in the termination entry. This error, however, did not, as noted, render the sentences regarding Counts 9, 11, and 12 void. As such, res judicata bars consideration of Isa's argument regarding Counts 9, 11, and 12.

{¶ 20} But, Isa was effectively sentenced to prison terms that were not imposed in his presence in violation of Crim.R. 43(A). In Ohio, an accused has a fundamental right to be present at all stages of his criminal trial, including sentencing. Section 10, Article I, Ohio Constitution; Crim.R. 43(A). However, a criminal defendant's absence does not necessarily result in prejudicial or constitutional error. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 90. A criminal defendant's presence is a

condition of due process only to the extent that a fair and just hearing would be thwarted by his absence. *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 50. "Therefore, a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper." *State v. Brown*, 2d Dist. Montgomery No. 26320, 2015-Ohio-3912, ¶ 10, citing *State v. Morton*, 10th Dist. Franklin No. 10AP-562, 2011-Ohio-1488, ¶ 18.

{¶ 21} Here, the record demonstrates an intent on the part of the trial court to impose the maximum sentence for each count upon which Isa was convicted. The State asked for such a sentence, and the trial court imposed such a sentence with regard to every other count. Further, the trial court imposed a sentence of 18 months for each count of gross sexual imposition except for Counts 9, 11 and 12. This appears to have been a simple mistake of omission on the part of the trial court during the sentencing hearing. Further, Counts 9, 11 and 12 were ordered, at both the hearing and in the termination entry, to run concurrently to Count 10 which imposed a ten-year sentence. Isa's ultimate sentence of ten years in prison with regard to victim number 3 does not change, and, thus, the trial court's omission did not result in a longer or harsher sentence. Accordingly, any error caused by the discrepancy is harmless.

{¶ 22} Accordingly, the first and second assignments of error are overruled.

### III. Termination Entry Not Subject to Nunc Pro Tunc Correction

{¶ 23} Isa's third assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S "MOTION TO CORRECT CLERICAL MISTAKE

PURSUANT TO OHIO CRIM.R. 36."

{¶ 24} Isa contends that the trial court should have granted his motion to correct the termination entry pursuant to Crim.R. 36. Specifically, he claims that the termination entry should be corrected to eliminate the 18 month prison terms imposed for Counts 9, 11, and 12 since the prison terms were, as discussed above, omitted during the sentencing hearing.

{¶ 25} "Crim.R. 36(A) permits trial courts to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry." *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 11, quoting *State v. Roach*, 2d Dist. Montgomery No. 23317, 2010–Ohio–566, ¶ 3. "The use of a nunc pro tunc entry is limited to reflecting what the court actually decided but failed to properly include in its judgment." *Id.*, citing *State v. Ritchie*, 2d Dist. Montgomery No. 24088, 2011–Ohio–2566, ¶ 8. "Its sole function is to correct a clerical mistake in the execution of a ministerial act." *Id.* " 'The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *Id.*, citing *State v. Arnold*, 2d Dist. Montgomery No. 22856, 2009–Ohio–3636, ¶ 57, quoting *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist. 2000). Thus, " '[t]he function of nunc pro tunc [entries] is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.' " *Id.*, citing *Ritchie* at ¶ 10, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931). "A nunc pro tunc entry cannot be used to change something that was deliberately done." *Id.*

{¶ 26} It would not be appropriate to use a nunc pro tunc entry to eliminate from

the termination entry the 18 month prison terms regarding Counts 9, 11, and 12 because such an entry would not reflect the trial court's sentencing intent. The imposition of a criminal sentence, simply put, is not a clerical function subject to the use of a nunc pro tunc entry. Further, and as discussed, Isa's proposed nunc pro tunc entry would not change his 24 ½ years prison term.

{¶ 27} Isa's third assignment of error is overruled.

## IV. Conclusion

{¶ 28} Isa's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Jane A. Napier
Abraham Isa
Hon. J. Timothy Campbell, Visiting Judge
c/o Champaign County Common Pleas Court