[Cite as *Pickett v. Rice-Roberts*, 2014-Ohio-3329.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   100881

---

## GREGORY PICKETT

PLAINTIFF-APPELLEE

vs.

## ERICA RICE-ROBERTS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## VACATED AND REMANDED

---

Civil Appeal from the
Garfield Heights Municipal Court
Case No.   CVG 1102745

**BEFORE:**    Boyle, A.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    July 31, 2014

**ATTORNEY FOR APPELLANT**

Wesley Alton Johnston
The Podor Law Firm, L.L.C.
33565 Solon Road
Solon, Ohio    44139

**FOR APPELLEE**

Gregory Pickett, pro se
4468 Ingleside Road
Warrensville Heights, Ohio    44128

MARY J. BOYLE, A.J.:

{¶1}   Defendant-appellant, Erica Rice-Roberts, appeals the trial court's order sua sponte dismissing her counterclaim through a nunc pro tunc entry.  In her single assignment of error, she argues that "[t]he trial court's use of a nunc pro tunc order to dismiss the pending counterclaim was improper."  Finding merit to the appeal, we vacate and remand for further proceedings.

Procedural History and Facts

{¶2}   On September 30, 2011, plaintiff-appellee, Gregory Pickett ("landlord"), filed a forcible entry and detainer action in Garfield Heights Municipal Court, seeking to evict Rice-Roberts from the premises located at 18705 Waterburg in Maple Heights. Landlord also asserted a second claim for unpaid rent, seeking $276 in money damages.

{¶3}   On October 5, 2011, the municipal court issued a copy of the complaint and a summons to Rice-Roberts, notifying her that "[t]he trial for eviction is on October 27, 2011," and the "[t]he trial on the claim for money is on 12/01/2011."   The summons further notified Rice-Roberts that she must serve an answer to the complaint on the claim for money within 28 days.   The summons further stated that "[i]f you do not appear at the trial [on December 1, 2011], judgment will be entered again [sic] you."

{¶4}   On October 24, 2011, Rice-Roberts filed an answer to the complaint and asserted a counterclaim, alleging that the "filing of the eviction case was

retaliatory, in violation of [R.C.] 5321.02." She further alleged that the conditions of the premises violated R.C. 5321.04 and constituted a common law nuisance. Rice-Roberts alleged that she suffered damages and sought compensatory and punitive damages as well as attorney fees.

{¶5} The parties ultimately reached an agreement on the landlord's first cause of action and an agreed judgment entry was filed with the court. On December 1, 2011, none of the parties appeared for trial on the landlord's second cause of action for money. On that day, the trial court issued an order, stating the following: "Neither party having appeared for trial on the second cause of action, said cause of action is dismissed with prejudice at Plaintiff's costs." Nearly two years later, on September 26, 2013, Rice-Roberts filed a motion to transfer to common pleas. On October 28, 2013, the trial court issued two orders: one denying the motion to transfer and one stating the following: "Neither party having appeared in Court on or about 12/01/2011, the Complaint and Counterclaim are dismissed with prejudice, *nunc pro tunc*."

{¶6} From this order, Rice-Roberts appeals.[1]

### Nunc Pro Tunc

{¶7} In her sole assignment of error, Rice-Roberts argues that the trial court's use of a nunc pro tunc order to dismiss her counterclaim was improper. We agree.

---

[1] Landlord has not filed an appellee brief in this case. We further note that Rice-Roberts has not raised any assignment of error challenging the trial court's denial of her motion to transfer her counterclaim to the common pleas court. This issue, therefore, is not before this court on appeal. *See* App.R. 12(A).

**{¶8}** "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.*

**{¶9}** "The trial court's use of a nunc pro tunc entry is restricted to placing upon the record evidence of judicial action that has been actually taken; thus, it can be exercised only to supply omissions in the exercise of merely clerical functions." *Mosley v. Cuy. Cty. Bd. of Mental Retardation*, 8th Dist. Cuyahoga No. 96070, 2011-Ohio-3072, ¶ 44, citing *Jacks v. Adamson*, 56 Ohio St. 397, 402, 47 N.E. 48 (1897). "The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931). "A court may not, therefore, by way of a nunc pro tunc entry, enter of record that which it intended but, in fact, was not made." *Mosley* at ¶ 44; *see also State ex rel. Cruzado v Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 (nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided").

**{¶10}** Here, the trial court improperly utilized a nunc pro tunc entry to dismiss Rice-Roberts's counterclaim when the court had never previously adjudicated the claim.

The December 1, 2011 entry was completely silent as to Rice-Roberts's counterclaim. It is clear that the nunc pro tunc entry substantively changed the trial court's order of December 1, 2011, which only disposed of the landlord's claim for unpaid rent — not Rice-Roberts's counterclaim.

**{¶11}** Accordingly, we sustain the sole assignment of error.

**{¶12}** Judgment vacated, and case remanded for further proceedings on Rice-Roberts's counterclaim.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR

**KEY WORDS:**

100881

Nunc pro tunc; Civ.R. 60(A). Trial court's use of a nunc pro tunc order to dismiss counterclaim was improper because the court had never previously adjudicated the claim. A nunc pro tunc entry is restricted to placing upon the record evidence of judicial action that has been actually taken.