[Cite as *State v. Fontanez*, 2018-Ohio-2843.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106226**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID FONTANEZ**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AS MODIFIED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615220-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Paul Kuzmins
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

John D.R. Kirkland
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant David Fontanez ("Fontanez") appeals his sentence, arguing that the trial court failed to adequately ensure that his sentence was proportionate to sentences being given to similarly situated offenders who have committed similar offenses. Because we find that Fontanez's sentence is not subject to appellate review, we affirm.

**Procedural and Substantive History**

{¶2} On March 13, 2017, Fontanez was indicted for events that took place on January 15 and 16, 2016. At the time, Fontanez and his girlfriend lived together. His girlfriend's sister and 14-year-old niece A.L. were staying with the couple temporarily. On the night of January 15 and into the early morning hours of January 16, Fontanez provided A.L. with alcohol and had sexual intercourse with her, despite her inability to consent.

{¶3} Fontanez was indicted on two counts of rape, in violation of R.C. 2907.02(A)(2), with a notice of prior conviction and repeat violent offender specification; one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1); one count of kidnapping, in violation of R.C. 2905.01(A)(4), with a sexual motivation specification, notice of prior conviction, and repeat violent offender specification; one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), with a furthermore specification; and one count of underage alcohol use in violation of R.C. 4301.69(A).

{¶4} Fontanez initially pleaded not guilty to the indictment. On June 7, 2017, he pleaded guilty to one count of rape, one count of kidnapping, and one count of underage alcohol use. All specifications and remaining counts of the indictment were dismissed. The state conceded that the kidnapping would merge with the rape for sentencing purposes and informed the court that it would elect to sentence Fontanez for rape.

**{¶5}** As part of the plea agreement, the state and Fontanez jointly recommended a sentence of between five and nine years to the trial court. The court indicated that it would retain discretion to accept the recommended sentencing range or select a sentence of either less than five years or greater than nine years and accepted Fontanez's plea.

**{¶6}** On August 2, 2017, the court held a sentencing hearing. The prosecutor summarized the facts of the case, the court reviewed sexual offender registration requirements, and defense counsel, Fontanez, and the victim's mother all addressed the court. The court indicated its intention of sentencing Fontanez to ten years in prison.

**{¶7}** Immediately following the sentencing hearing, defense counsel requested a consultation with the prosecutor and the court. The prosecutor was unavailable but consented to the consultation based on the representations that were made to him as to what was going to be discussed. At this consultation, defense counsel communicated to the court that he was concerned that he had not clearly articulated certain mitigating circumstances at the sentencing hearing. Following this consultation, the court held a second sentencing hearing on August 25, 2017. At this hearing, the court summarized defense counsel's concerns and explained its decision to reconvene the sentencing hearing. The prosecutor and defense counsel both emphasized the reasoning that had led them to reach an agreement to recommend a sentence between five and nine years. The court reconsidered Fontanez's sentence. Prior to finalizing the sentencing journal entry, the court sentenced Fontanez to nine years in prison.

**{¶8}** Fontanez appealed from the August 25 journal entry, which imposed the nine year sentence, presenting one assignment of error for our review.

**{¶9}** On September 12, 2017, the court issued a nunc pro tunc entry in which it reiterated the August 25 journal entry but stated that Fontanez would be "sentenced to eight years in prison rather than nine years."

## Law and Analysis

**{¶10}** In his sole assignment of error, Fontanez argues that the trial court failed to adequately ensure that his sentence was proportionate to sentences dealt to similarly situated offenders who have committed similar offenses.   Fontanez bases this argument on the statutory purposes of felony sentencing.   Specifically, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶11}** R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate felony sentences if they find by clear and convincing evidence that the record does not support any relevant findings.

**{¶12}** We initially note that Fontanez's sentence in this case is not subject to appellate review.   Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.   These limitations on a defendant's ability to challenge an agreed sentence on appeal are "equally applicable to cases such as the present that involve a sentencing range as opposed to a single definite sentence."   *State v. Webster*, 8th Dist. Cuyahoga No. 104484, 2017-Ohio-932, ¶ 7, citing *State v. Akins-Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 12.

**{¶13}** A sentence is authorized by law "if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. The Ohio Supreme Court clearly stated that its holding in *Underwood* did not impact the preclusive effect of R.C. 2953.08(D)(1) on appeals "that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11, 2929.12, and/or 2929.13(A) through (d)." *Id*. at ¶ 22. Fontanez makes no argument that his sentence was not authorized by law.

**{¶14}** Further, his sentence was jointly recommended. Fontanez and the state recommended that the court impose a sentence between five and nine years in prison. He received a sentence of nine years. Because his sentence was authorized by law, jointly recommended, and imposed by a sentencing judge, Fontanez has no grounds on which to appeal his sentence. Therefore, Fontanez's nine-year sentence is affirmed.

**{¶15}** "The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *Pickett v. Rice-Roberts*, 8th Dist. Cuyahoga No. 100881, 2014-Ohio-3329, ¶ 9, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931). Because the September 12 nunc pro tunc entry did not accurately reflect the sentence imposed by the court at the sentencing hearing, that sentencing order is erroneous and therefore void. *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 18 (10th Dist.) The August 25 sentencing order is reinstated.

**{¶16}** Judgment affirmed as modified.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR