[Cite as *State v. Johnson*, 2020-Ohio-568.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                  :

                              No. 108311

    v.                                          :

RANAU JOHNSON,                                  :

    Defendant-Appellant.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** February 20, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-613109-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

William B. Norman, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Ranau Johnson, appeals from the trial court's resentencing after remand from this court. After reviewing the record, we vacate the sentence on Count 2, and remand for resentencing on Count 2 only. In its resentencing entry, the trial court should indicate that Count 1 is dismissed.

Further, upon remand, the trial court should issue a nunc pro tunc entry regarding the resentencing hearing held on December 11, 2018, to reflect that no restitution is imposed.

{¶ 2} Johnson was charged in a four-count indictment. Count 1 charged attempted felony murder in violation of R.C. 2923.02 and 2903.02(B). Counts 2 and 3 charged aggravated arson in violation of R.C. 2909.02(A)(1), with each count pertaining to a separate victim. Count 4 charged aggravated arson in violation of R.C. 2909.02(A)(2). The charges arose out of an incident where Johnson poured gasoline into the basement bedroom window of a home occupied by two individuals and then set the gasoline on fire.

{¶ 3} Johnson pleaded not guilty, and the case proceeded to a bench trial. The trial court found Johnson guilty of the four counts as charged. Following merger of Counts 1 and 2, the court sentenced Johnson to a prison term of 10 years for Count 1, 10 years for Count 3, and 7 years for Count 4, and ordered all terms to run consecutively, for a total aggregate prison term of 27 years. The court also ordered Johnson to pay restitution in the amount of $5,000.

{¶ 4} Johnson appealed from his convictions and sentence. *State v. Johnson*, 8th Dist. Cuyahoga No. 106450, 2018-Ohio-3670 ("*Johnson I*"). He challenged the sufficiency and manifest weight of the evidence, the expert testimony admitted at trial, and the imposition of consecutive sentences and restitution. This court vacated Johnson's conviction for attempted felony murder on Count 1 because attempted felony murder is not a cognizable crime under Ohio law. *Id.* at ¶ 5. This

court affirmed Johnson's convictions on the other counts, finding that the convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. *Id.* at ¶ 30, 38. This court also found that the trial court had not abused its discretion by permitting expert testimony. *Id.* at ¶ 45. Finally, this court found that the trial court had properly imposed consecutive sentences on Counts 3 and 4, but had improperly ordered that Johnson pay $5,000 restitution because the state had failed to present sufficient evidence to allow the trial court to discern the appropriate amount of restitution to a reasonable degree of certainly. *Id.* at ¶ 53, 57.

{¶ 5} Accordingly, this court "vacate[d] the conviction and sentence on Count 1 for attempted felony murder, reverse[d] the restitution award, and remand[ed] the case to the trial court for a resentencing hearing on Count 2 only and for an evidentiary hearing to determine the appropriate amount of restitution." *Id.* at ¶ 58.

{¶ 6} At resentencing, the trial court stated that "Counts 1 and 2 merge for purposes of sentencing. It is ordered by the Court of Appeals. And the court will sentence the defendant on Counts 2, 3, and 4." (Tr. 395.) The court then sentenced Johnson to a prison term of 10 years on Count 2, 10 years on Count 3, and 7 years on Count 4, and ordered the terms to be served consecutively, for an aggregate term of 27 years. The state conceded at the sentencing hearing that it did not have a witness to testify regarding restitution, and it did not have any documents regarding restitution to submit to the court. (Tr. 394.) Accordingly, the state did not request

that Johnson pay restitution, and the trial court did not order any restitution. (Tr. 395-397.) This appeal followed.

## A. Count 1

{¶ 7} The resentencing journal entry states in pertinent part:

> On a former day of court the court found the defendant guilty of attempted murder 2923.02/2903.02 B F1 as charged in Count 1 of the indictment. * * * The court imposes a prison sentence at the Lorain Correctional Institution of 27 years. Sentences in Count 1 and 2 merge for the purposes of sentencing. Court will sentence defendant on Count 2, 3, and 4.

{¶ 8} As an initial matter, we note that the trial court exceeded the scope of remand upon resentencing. In *Johnson I*, this court ordered that on remand, the trial court should resentence Johnson on Count 2 and hold an evidentiary hearing regarding the imposition of restitution. Instead of limiting the resentencing hearing to conform to the remand order, the trial court conducted a de novo sentencing on all counts, including those sentences that were not part of the remand order.

{¶ 9} Although a remand for a resentencing hearing anticipates a de novo sentencing, the scope of the remand is narrowed by certain limitations. Specifically, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Here, only Count 2 was affected by this court's remand order; Counts 3 and 4 were not affected by the appeal and thus were not subject to resentencing upon remand. It is evident the trial court exceeded the scope of the remand by also resentencing Johnson on Counts 3 and 4.

Nevertheless, the trial court did not alter the valid and final sentences imposed on those counts at the original sentencing and therefore, we consider the trial court's error at resentencing to be harmless.

{¶ 10} In his first assignment of error, Johnson contends that the trial court should have dismissed Count 1 instead of ordering that Counts 1 and 2 merged for resentencing. We agree. Despite this court's decision vacating Johnson's conviction on Count 1, the journal entry of resentencing reflects that Johnson was found guilty of attempted felony murder in Count 1 and that Count 1 merged with Count 2 for sentencing. The journal entry should have reflected that Count 1 was dismissed and that Johnson was resentenced on Count 2.

{¶ 11} The state concedes the error but suggests that the error can be fixed with a nunc pro tunc entry by the trial court. However, "[the] function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *State v. Fontanez*, 8th Dist. Cuyahoga No. 106226, 2018-Ohio-2843, ¶ 15; *Scaglione v. Saridakes*, 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, ¶ 9 (a nunc pro tunc order's "proper use is limited to what the trial court actually did decide"). The transcript of the sentencing hearing reflects that the trial court merged Counts 1 and 2 for sentencing and then sentenced Johnson on Count 2. Thus, a nunc pro tunc entry cannot be used to change the trial court's sentence to reflect that the trial court resentenced Johnson on only Count 2, as the state suggests.

{¶ 12} Accordingly, the first assignment of error is sustained. The sentence on Count 2 is vacated, and the matter is remanded for the trial court to resentence Johnson on Count 2 only. The trial court should also indicate in its resentencing journal entry that Count 1 is dismissed.

## B. Restitution

{¶ 13} In his second assignment of error, Johnson contends that the trial court erred at resentencing in ordering restitution without an evidentiary hearing. The transcript of the resentencing hearing held on December 11, 2018, reflects that the prosecutor informed the court that the victim was not available to testify, and the state had no documentary evidence relevant to restitution. It further reflects that the trial court did not order any restitution. However, the resentencing journal entry orders Johnson to pay restitution in the amount of $5,000. Accordingly, the second assignment of error is sustained, and the matter is remanded for the trial court to issue a nunc pro tunc entry to reflect that no restitution was ordered at Johnson's resentencing on December 11, 2018.

## C. Waiver of Jury Trial

{¶ 14} In his third assignment of error, Johnson contends that his jury waiver was constitutionally invalid. He argues that to be a knowing waiver, a defendant must understand the nature of each charge against him, and that his waiver was not knowing because he was not advised that Count 1, attempted felony murder, was not a cognizable offense under Ohio law. He asserts that his jury waiver was therefore not valid, and his convictions should be vacated.

{¶ 15} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in the judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. This doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 16} Johnson could have raised the jury-waiver argument on direct appeal and therefore, it is now barred by res judicata. Moreover, the argument fails on the merits.

{¶ 17} To be valid, a jury waiver must meet five conditions. *State v. Lomax*, 114 Ohio St. 3d 350, 2007-Ohio-4277, 872 N.E.2d 279. It must (1) be in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *Id.* at ¶ 9. A written jury waiver is presumptively voluntary, knowing, and intelligent. *Id.* There is no requirement that a court inform the defendant of the implications of a waiver nor engage in a long colloquy with the defendant about the waiver. *Id.* at ¶ 48. However, there must be some evidence in the record that the defendant, while in court and in the presence of counsel, acknowledged to the trial court that he wished to waive the right to a jury trial. *Id.*

{¶ 18} The record reflects that before the start of trial, Johnson signed the jury waiver form. (Tr. 5.) He acknowledged his signature on the jury waiver form to the trial court, and affirmatively responded when the trial judge asked if it was his intent to go forward without a jury and have his case tried to the bench. *Id.* The trial judge then signed the waiver, and the waiver was filed with the clerk's office before trial commenced. *Id.* Accordingly, Johnson's argument that his jury waiver was somehow defective is without merit, and the third assignment of error is overruled.

### D. Multiple Victims; Multiple Offenses

{¶ 19} Johnson was convicted of two counts of aggravated arson in violation of R.C. 2909.02(A)(1). Count 2 applied to one victim; Count 3 applied to another victim. In his fourth assignment of error, Johnson contends that he should have been convicted of only one count of aggravated arson. He argues that he set a single fire to a single home and, therefore, that he committed only one act of aggravated arson.

{¶ 20} Johnson could have but did not raise this argument in his direct appeal and, therefore, it is barred by res judicata. And even considering the merits, it fails.

{¶ 21} In *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, the Ohio Supreme Court considered the same argument. The Supreme Court noted that under R.C. 2909.02(A)(1), regarding aggravated arson, no person shall knowingly set a fire that creates a substantial risk of serious harm or injury to another person. The defendant in *Franklin* set a fire that killed six people, but

argued that the aggravated arson counts were allied offenses of similar import that should merge into one count "because he set only one fire and thus committed only one arson." *Id.* at ¶ 48. The Ohio Supreme Court rejected this argument, finding that even though the defendant set only one fire, each aggravated arson count recognized that his conduct created a substantial risk of harm to a separate person. *Id.*

{¶ 22} In this case, Johnson's conduct caused two aggravated arson offenses because although he set a single fire, his conduct placed two individuals at substantial risk of serious harm or injury. Accordingly, he was properly convicted and sentenced on two counts of aggravated arson. The fourth assignment of error is overruled.

### E. Lesser Included Offense

{¶ 23} Johnson was convicted in Counts 2 and 3 of aggravated arson in violation of R.C. 2909.02(A)(1). He was convicted in Count 4 of aggravated arson in violation of R.C. 2909.02(A)(2). In his fifth assignment of error, Johnson contends that R.C. 2909.02(A)(2) is a lesser included offense of R.C. 2909.02(A)(1) and, therefore, he should not have been convicted of both offenses.

{¶ 24} This argument is barred by the doctrine of res judicata because it was not raised on direct appeal. It also fails on the merits.

{¶ 25} In determining whether one offense is a lesser included offense of another, a court must consider whether: (1) "one offense carries a greater penalty than the other," (2) "some element of the greater offense is not required to prove

commission of the lesser offense," and (3) "the greater offense as statutorily defined cannot be committed without the lesser included offense as statutorily defined also being committed." *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, paragraph two of the syllabus, clarifying *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988).

{¶ 26} R.C. 2909.02(A)(1) provides that "[n]o person, by means of fire or explosion, shall knowingly * * * create a substantial risk of serious physical harm to any person other than the offender." A violation of R.C. 2909.02(A)(1) is a first-degree felony. R.C. 2909.02(A)(2) provides that "[n]o person, by means of fire or explosion, shall knowingly * * * cause physical harm to any occupied structure." A violation of R.C. 2909.02(A)(2) is a second-degree felony.

{¶ 27} Johnson's argument fails the third prong of the test for lesser included offenses because the greater offense under R.C. 2909.02(A)(1) (substantial risk of serious physical harm to a person) can be committed without the lesser included offense under R.C. 2909.02(A)(2) (physical harm to an occupied structure) also being committed. Clearly, an offender can create a substantial risk of harm to a person by means of a fire or explosion without also causing physical harm to an occupied structure. Johnson's argument is without merit, and the fifth assignment of error is overruled.

## F. Allied Offenses

{¶ 28} In his sixth assignment of error, Johnson contends that his offenses for aggravated arson under R.C. 2909.02(A)(1) (Counts 2 and 3, physical harm to

any person) and R.C. 2909.02(A)(2) (Count 4, physical harm to an occupied structure) are allied offenses that should have merged for sentencing. Johnson contends that because he set only one fire, the offenses were committed with a single animus and, therefore, should have merged for sentencing as allied offenses.

{¶ 29} Johnson did not raise this argument on direct appeal, and it is therefore barred by res judicata. It also fails on the merits.

{¶ 30} This court considered the same argument in *State v. Crawley*, 8th Dist. Cuyahoga No. 99636, 2014-Ohio-921. Like Johnson, the defendant in *Crawley* argued that his convictions for aggravated arson under R.C. 2909.02(A)(1) and (2) should merge as allied offenses. This court rejected the argument, finding that where a defendant commits the same offense against separate victims, a separate animus exists for each victim such that the offenses are not allied. *Id.* at ¶ 47. This court concluded that the victims of the offenses charged in R.C. 2909.02(A)(1) and (2) are separate, such that "a separate animus exists for each separate victim," and accordingly, the offenses are not allied offenses of similar import. *See also State v. Legrant*, 2d Dist. Miami No 2013-CA-44, 2014-Ohio-5803, ¶ 19 (defendant's convictions under R.C. 2909.02(A)(1) and (2) were not allied offenses for purposes of sentencing). Thus, Johnson's argument is without merit, and the sixth assignment of error is overruled.

## G. Ineffective Assistance of Counsel

{¶ 31} In his seventh assignment of error, Johnson asserts that his original trial and appellate counsel were ineffective for not raising the errors he now raises on appeal.

{¶ 32} Johnson did not raise ineffective assistance of trial counsel in his direct appeal, and accordingly, the argument is barred by res judicata. With respect to appellate counsel, a direct appeal from a defendant's resentencing is not the correct method to argue for reopening an appeal based on a claim of ineffective assistance of counsel. *See* App.R. 26(B). The seventh assignment of error is overruled.

{¶ 33} Accordingly, we vacate the sentence imposed on Count 2, and remand for resentencing on Count 2 only. In its resentencing entry, the trial court should indicate that Count 1 is dismissed. Further, upon remand, the trial court should issue a nunc pro tunc entry regarding the resentencing hearing held on December 11, 2018, to reflect that no restitution is imposed.

{¶ 34} Judgment vacated in part and remanded.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing and execution of nunc pro tunc entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR