[Cite as *State v. Johnson*, 2020-Ohio-3371.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                             No. 109084

    v.                           :

RANAU D. JOHNSON,                        :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  June 18, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-613109-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

William Norman, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1}  Defendant-appellant Ranau D. Johnson ("Johnson") appeals from the denial of his motion to amend his postconviction relief petition, and second motion for a new trial.  For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2}  This case is the fifth appeal that has stemmed from Johnson's 2017 conviction and sentence for attempted felony murder and aggravated arson.  On January 24, 2017, the Cuyahoga County Grand Jury indicted Johnson on one count of attempted felony murder in violation of R.C. 2923.02 and R.C. 2903.02, two counts of aggravated arson in violation of R.C. 2909.02(A)(1), and one count of aggravated arson in violation of R.C. 2909.02(A)(2).  The charges arose out of an incident in which Johnson poured gasoline into the basement window of a home occupied by his former girlfriend and her uncle, and then set the gasoline on fire.

{¶ 3}  Johnson pleaded not guilty to all four counts.  Johnson executed a written waiver of his right to a jury trial, and the case proceeded to a bench trial.  On August 30, 2017, the court found Johnson guilty of all four counts.  On September 28, 2017, the court sentenced Johnson to ten years in prison on Count 1, ten years in prison on Count 3, and seven years in prison on Count 4; Count 2 merged with Count 1.  The court ordered all terms to run consecutively for an aggregate term of 27 years.  The court also ordered Johnson to pay $5,000 in restitution.

{¶ 4}  Johnson appealed from his convictions and sentence, challenging the sufficiency and manifest weight of the evidence, the admission of expert testimony

at trial, and the imposition of consecutive sentences and restitution. *State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914 (8th Dist.) ("*Johnson I*"). This court vacated Johnson's conviction for Count 1 because attempted felony murder is not a cognizable crime under Ohio law. *Id.* at ¶ 5. This court affirmed Johnson's convictions on all three of the aggravated arson counts, finding that his convictions were supported by sufficient evidence, and were not against the manifest weight of the evidence. *Id.* at ¶ 30, 38. Finally, this court found that the trial court properly imposed consecutive sentences on Counts 3 and 4, but had improperly ordered Johnson to pay $5,000 restitution because the state failed to present sufficient evidence to allow the trial court to discern the appropriate amount of restitution to a reasonable degree of certainty. *Id.* at ¶ 53, 57.

{¶ 5} Accordingly, this court vacated Johnson's conviction and sentence for Count 1, attempted felony murder; reversed the restitution award; and remanded the case to the trial court for a resentencing hearing on Count 2 and for an evidentiary hearing to determine the appropriate amount of restitution. *Id.* at ¶ 58.

{¶ 6} On December 11, 2018, the trial court stated that Counts 1 and 2 merged for purposes of sentencing, pursuant to this court's opinion, and proceeded to sentence Johnson on Counts 2, 3, and 4. The court sentenced Johnson to ten years on Count 2, ten years on Count 3, and seven years on Count 4, to be served consecutively, for an aggregate term of 27 years. At the resentencing hearing, the state conceded that it did not have evidence regarding restitution, and therefore, did not request restitution. The court did not order any restitution, although the journal

entry from the resentencing reflected that Johnson was ordered to pay $5,000 restitution.

{¶ 7} On January 17, 2019, Johnson filed a petition for postconviction relief, in which he argued that the state's expert witness failed to properly investigate the fire, that his aggravated arson convictions should have merged for sentencing, that he was never informed of the charges against him, and that his Fifth Amendment rights were violated.

{¶ 8} On January 24, 2019, Johnson filed his second appeal, which this court dismissed as untimely. On February 21, 2019, Johnson filed a motion for a new trial, in which he argued that he was not in the area at the time the fire was set. On February 25, 2019, the trial court denied this motion.

{¶ 9} On March 14, 2019, Johnson filed his third appeal, raising seven assignments of error. Johnson argued that the court committed plain error in sentencing him on the vacated count, that the court erred in ordering restitution, that his jury waiver was constitutionally invalid, that he should only have been convicted of one count of aggravated arson, that his offenses for aggravated arson should have merged for sentencing, and that he received ineffective assistance of counsel. This court held that the trial court exceeded the scope of the remand from *Johnson I* by conducting a de novo sentencing on all counts, including those that were not part of the limited remand order. *State v. Johnson*, 8th Dist. Cuyahoga No. 108311, 2020-Ohio-568, ¶ 8 ("*Johnson II*"). This court vacated Johnson's

sentence on Count 2, and remanded the case to the trial court for resentencing on Count 2 only.

{¶ 10} On March 20, 2019, Johnson filed his fourth appeal, which this court dismissed as being duplicative of his third appeal on April 16, 2019.

{¶ 11} On August 28, 2019, while *Johnson II* was pending, Johnson filed a motion for leave to file a second motion for a new trial, in which he argued that his jury waiver was constitutionally invalid. The same day, Johnson also filed a motion for leave to amend his petition for postconviction relief, again arguing that his jury waiver was constitutionally invalid. On September 13, 2019, the trial court denied Johnson's amended petition for postconviction relief and his motion for leave to file a motion for a new trial. It is from these denials that Johnson appeals now, presenting the following assignments of error for our review:

> ASSIGNMENT OF ERROR NO. 1
>
> The trial court erred by refusing appellant Johnson leave to file a motion for a new trial where: (a) appellant Johnson was unavoidably prevented from discovering evidence warranting a new trial within the initial 14 day clock of Ohio Crim.R. 33(A)(1), (2), (3) and (5); and (b) a manifest miscarriage of justice occurred, including an error in the exercise of jurisdiction, where, due to misrepresentations by the court, defense counsel, and the prosecutor, appellant Johnson waived his constitutional right to trial by jury in apprehension of conviction and penalty for a nonexistent offense.
>
> ASSIGNMENT OF ERROR NO. 2
>
> The trial court erred by denying appellant Johnson's motion for leave to file a motion for a new trial without conducting an evidentiary hearing where, if true, appellant Johnson's operative facts required relief and could not have been discovered with due diligence prior to

the time the initial 14 day clock for filing a motion for a new trial expired.

ASSIGNMENT OF ERROR NO. 3

The trial court erred by refusing appellant Johnson leave to amend his petition for postconviction relief where: (a) appellant Johnson was unavoidably prevented from discovering evidence warranting a new trial within the initial one year clock of O.R.C. 2953.21(A)(2); and (b) a manifest miscarriage of justice occurred, including an error in the exercise of jurisdiction, where, due to misrepresentations by the court, defense counsel, and the prosecutor, appellant Johnson waived his constitutional right to trial by jury in apprehension of conviction and penalty for a non-existent offense.

ASSIGNMENT OF ERROR NO. 4

The trial court erred by denying appellant Johnson's petition for postconviction relief without conducting an evidentiary hearing where, if true, appellant Johnson's operative facts entitled him to some form of relief.

**Law and Analysis**

{¶ 12} In his first two assignments of error, Johnson challenges the trial court's denial of his motion for leave to file a motion for a new trial. In his first assignment of error, Johnson argues that it was error for the court to deny his motion for leave. In his second assignment of error, Johnson argues that it was error for the court to deny his motion without holding an evidentiary hearing. Johnson filed his motion for leave to file a motion for a new trial on August 28, 2019, while his appeal (*Johnson II*) was pending. That appeal remained pending when the trial court denied the motion on September 13, 2019.

{¶ 13} It is well established that once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court, except

where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify, or reverse the order from which the appeal is perfected. *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 11, citing *State v. Taogaga*, 8th Dist. Cuyahoga No. 79845, 2002-Ohio-5062, ¶ 18. A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. *Id.*, citing *State v. Loper*, 8th Dist. Cuyahoga Nos. 81297, 81400, and 81878, 2003-Ohio-3213, ¶ 104. A motion for leave to file a motion for a new trial, however, does not obviate a currently pending appeal. *State v. Lamar*, 4th Dist. Lawrence No. 01CZ17, 2002-Ohio-6130, ¶ 25, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978); *Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 145, 637 N.E.2d 890 (1994).

{¶ 14} Therefore, although Johnson's third appeal was still pending, the trial court had jurisdiction to consider his motion for leave to file a motion for a new trial. Crim.R. 33 governs motions for new trials and provides that motions for new trials based on newly discovered evidence must be filed within 120 days of a jury verdict, unless the petitioner establishes by clear and convincing proof that they were unavoidably prevented from discovering the evidence. Crim.R. 33(B). The trial court has sound discretion on the question of whether to grant an evidentiary hearing on a request for leave to file a delayed motion for a new trial, and we will not disturb the trial court's decision absent an abuse of discretion. *State v. Bonnell*, 8th

Dist. Cuyahoga No. 108209, 2019-Ohio-5342, ¶ 37, citing *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16.

{¶ 15} Johnson sought leave to file a motion for a new trial on the basis of a claimed jurisdictional error due to his vacated conviction for attempted felony murder. Specifically, he raised an argument that his jury waiver was not constitutionally valid. As noted above, this argument was unsuccessful in *Johnson II*. Further, although Johnson cited the vacation of his conviction in *Johnson I* as having revealed the alleged jurisdictional error, he made no attempt to justify filing a second motion for a new trial almost one year after this revelation. Therefore, the trial court did not abuse its discretion in denying Johnson's motion for leave to file a motion for a new trial without holding an evidentiary hearing. Johnson's first and second assignments of error are overruled.

{¶ 16} In Johnson's third assignment of error, he argues that the trial court erred by refusing him leave to amend his petition for postconviction relief. The docket does not reflect that the trial court denied him leave to amend his petition. Instead, it shows that the trial court denied his amended petition. In Johnson's fourth assignment of error, he argues that the trial court erred by denying his petition for postconviction relief without conducting an evidentiary hearing. We will address these assignments of error together.

{¶ 17} Although the trial court denied the amended petition while Johnson's third appeal was pending, the pending appeal did not divest the trial court of jurisdiction to consider the postconviction relief petition. The postconviction relief

process is a collateral civil proceeding, and therefore, it is not inconsistent with the trial court's jurisdiction over a criminal conviction and sentence. *State v. Phipps*, 10th Dist. Franklin No. 15AP-524, 2016-Ohio-663, ¶ 13.

{¶ 18} We review a trial court's denial of a postconviction relief petition for an abuse of discretion. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46.

{¶ 19} In his amended petition, Johnson argued that the waiver of his right to a jury trial was not knowing, intelligent, or voluntary. Specifically, Johnson argues that because he was not informed that Count 1 charged him with attempted felony murder, which is not a cognizable offense in Ohio, his jury waiver was not constitutionally valid.

{¶ 20} This argument was raised in Johnson's third appeal and this court found that it was barred by res judicata and, moreover, failed on its merits. *Johnson II*, 8th Dist. Cuyahoga No. 108311, 2020-Ohio-568, at ¶ 16, 17. Res judicata again bars Johnson's claim in the instant appeal. Constitutional issues cannot be considered in postconviction relief proceedings where they have already been or could have already been litigated by the convicted defendant, either before conviction or on direct appeal. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 89, citing *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967),

paragraph seven of the syllabus. Because Johnson's amended petition raised an argument that has already been litigated and found meritless, the trial court did not abuse its discretion in denying the petition without conducting an evidentiary hearing. Johnson's third and fourth assignments of error are overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR